UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

RICHARD LEE,

                Plaintiff,

-against-

CITY DEPARTMENT OF CORRECTIONS;
ESU - EMERGENCY SERVICE UNIT SPECIAL
TEAM SEARCH; AREA CAPTAIN BENBOW
HOUSING AREA 4 UPPER; HOUSING AREA
CAPT-SANTIAGO, DEPT JONES,

                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
12-CV-4690 (MKB)

MARGO K. BRODIE, United States District Judge.

*Pro se* plaintiff Richard Lee, currently incarcerated at the Brooklyn House of Detention, files this action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the reasons discussed below, plaintiff is granted thirty (30) days from the date of this Order to file an amended complaint.

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiffs' *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of such a complaint, "however inartfully pleaded" are held "to less stringent standards than formal pleadings drafted by lawyers. . . ." (alterations in the original) (citations omitted)); *Sealed Plaintiff v. Sealed*

Amendment," "unreasonable search, and seizures." (Compl. 4.) Plaintiff seeks unspecified money damages, psychological treatment and physical therapy. (Compl. 5.)

## DISCUSSION

The Complaint may not proceed as presented. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. 544, 555 (2007) (defining "fair notice" as presenting the "'grounds' of [Plaintiff's] 'entitle[ment] to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, [and] [f]actual allegations must be enough to raise a right to relief above the speculative level" (alterations in the original) (citations omitted)); *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) ("[Rule 8(a)" does not countenance pleadings that are conclusory; it requires factual allegations that are sufficient to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."); *Taylor v. Salazar*, 325 F. App'x 43, 44 (2d Cir. 2009) (upholding the District Court's dismissal of a complaint because it failed to give facts to support conclusory legal language and thus "fail[ed] to give defendant 'fair notice' of the grounds upon which" the complaint rested); *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) ("Rule 8(a) requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and is designed to permit the defendant to have a fair

understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery[.]").

Plaintiff has failed to provide sufficient facts to give Defendants fair notice of the claims against them. Accordingly, the Court cannot allow plaintiff's complaint to go forward as defendants will be unable to meaningfully respond to the instant complaint. In light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given thirty (30) days leave to file an amended complaint to name as defendants the individuals responsible for the alleged denial of his constitutional rights. *Cruz v. Gomez*, 202 F.3d 593, 598 (2d Cir. 2000) (holding that the *pro se* litigant should be given the opportunity to amend his complaint to see if he could allege sufficient facts to state a claim). Plaintiff is directed that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure.

Plaintiff must set forth facts supporting his claims, including the personal involvement of each named defendant, and provide the dates and locations for each event. If plaintiff wishes to bring claims against a defendant and does not know the name of the individual, he may identify each of them as John or Jane Doe and, to the best of his ability, describe each individual and the role he or she played in the alleged deprivation of plaintiff's rights. The allegations must be short, plain and concise. Plaintiff shall also name all defendants in the caption of his amended complaint.

## CONCLUSION

Accordingly, plaintiff is directed to file an amended complaint, within 30 days of the date of this order, in support of his claims, or the complaint shall be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Plaintiff is advised that any amended complaint he files will completely replace the original complaint. The amended

complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order.

No summons shall issue at this time and all further proceedings shall be stayed until plaintiff has complied with this Order. If plaintiff fails to file an amended complaint within 30 days, the instant action shall be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

/S/

MARGO K. BRODIE
United States District Judge

Dated: Brooklyn, New York
September 26, 2012