UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

RICHARD LEE,

                Plaintiff,

v.

CITY DEPARTMENT OF CORRECTIONS;
ESU - EMERGENCY SERVICE UNIT SPECIAL
TEAM SEARCH; AREA CAPTAIN BENBOW
HOUSING AREA 4 UPPER; HOUSING AREA
CAPT-SANTIAGO, DEPT JONES,

                Defendants.
-----------------------------------------------------------x

NOT FOR PUBLICATION

**ORDER & CIVIL JUDGMENT**
12 CV 4690 (MKB)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 19 2012 ★
BROOKLYN OFFICE

MARGO K. BRODIE, United States District Judge:

On September 14, 2012, plaintiff Richard Lee filed this *pro se* action pursuant to 42 U.S.C. § 1983. (*See* Docket Entry 1.) By Order dated September 26, 2012, the Court granted plaintiff thirty (30) days from the date of the Order to file an amended complaint which complies with Rule 8(a) of the Federal Rules of Civil Procedure. (*See* Docket Entry 5.) Plaintiff was advised that if he failed to comply with the Court's September 26, 2012 Order within the time allowed, the case would be dismissed. On October 16, 2012, the Court's September 26, 2012 Order, which was sent to the address Plaintiff provided at the Brooklyn House of Detention, was returned by the United States Postal Service as undeliverable with the notation, "RTS." Moreover, Plaintiff's name or contact information does not appear on either the New York City Department of Correction's Inmate Locator or on the New York State Department of Correctional Services Locator databases.[1]

---

[1] See http://a073-ils-web.nyc.gov/inmatelookup/pages/common/find.jsf and http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000.



The Court may dismiss a claim for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 41(b). Plaintiff's failure to meet his obligation to notify the Court of his new address is a failure to prosecute. *See Gregory v. City of New York*, No. 11-CV-9534, 2012 WL 4714797, at *1 (S.D.N.Y. Oct. 2, 2012) ("Failure to comply with the 'minimal requirement' of keeping the pro se office informed of his address is a factor that militates toward dismissal."); *Lynch v. DeMarco*, No. 11-CV-2602, 2011 WL 3418390, at *1 (E.D.N.Y. July 29, 2011) ("Courts have repeatedly recognized that dismissal [under Fed. R. Civ. P. 41(b) ] for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached." (citations omitted)); *Ortiz v. United States*, No. 01-CV-4665, 2002 WL 1492115, at *2 (S.D.N.Y. July 11, 2002) (dismissing case for failure to prosecute where "[p]laintiff ha[d] not even fulfilled his minimal obligation to keep the *pro se* office of this Court informed of his change of address"). As plaintiff has not provided the Court with a proper mailing address, the Court has no way of contacting plaintiff. Accordingly, the action is dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

MARGO K. BRODIE
United States District Judge

Dated: November 16, 2012
Brooklyn, New York